IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAUNCIL-DANIELLE WILLIAMS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:22-cv-02388-N (BT) | |
| § | | |
| DALLAS COUNTY, et al., § | | |
| Defendants. § | | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Chauncil-Danielle Williams filed this *pro se* civil action against Dallas County and others asserting claims for defamation, abuse of process, forgery, identity theft, and receiving stolen property. The Court granted Williams leave to proceed *in forma pauperis*, but withheld issuing process pending judicial screening. As part of that screening, the Court *sua sponte* considered whether it has subject matter jurisdiction. Because it appears subject matter jurisdiction is lacking, the Court should dismiss this action without prejudice.

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and other federal laws. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Scalia, J.) (citations omitted). And courts have an independent duty to examine their subject matter jurisdiction and to dismiss any case in which jurisdiction is lacking. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *accord*

1

*McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $ 75,000, and there is complete diversity of citizenship among the parties ("diversity jurisdiction"), 28 U.S.C. § 1332(a). *See Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When determining whether federal question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). Generally, there is no federal jurisdiction when the plaintiff pleads only a state law cause of action. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Further, "[c]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *SGK Props., LLC v. United States Bank Nat'l Ass'n*, 881 F.3d 933, 939 (5th Cir. 2018) (internal quotations omitted) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam))). "In determining diversity jurisdiction, the state where a person establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. Domicile requires the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Center, Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007) (internal cites omitted). Evidence of a person's place of residence, however, is prima facie proof of his domicile. *Id.* at 799 (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)); *see also Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 548 F.Supp.2d 268, 273 n.22 (E.D. La. 2008).

Here, Williams suggests that federal question jurisdiction exists. Compl. 2 (ECF No. 3). Specifically, she claims that her case arises under the "Constitution and the laws of the United States." *Id.* However, Williams's claims are all state law causes of action.

Williams also asserts that diversity jurisdiction exists. *Id.* at 11, 12. But she has not shown that there is a compete diversity of citizenship between

3

the parties. Although Williams claims that she is a "Citizen of Heaven," *id.* at 12, it appears she is domiciled in Addison, Texas. (ECF No. 6 at 2.) It further appears that Defendant Vince Griffin is domiciled in Garland, Texas; Defendant Bill Gipson is domiciled in Mesquite, Texas; and Defendant Ben Admcik is domiciled in Dallas, Texas. Compl. 11 (ECF No. 3).

It thus appears that the Court lacks subject matter jurisdiction. And, therefore, the Court should DISMISS this case without prejudice.

**SO RECOMMENDED**.

October 31, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).